UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARLSON NUNES,

Plaintiff,

v.

9:26-CV-0146 (ECC/DJS)

LYNN J. LILLEY, et al.,

Defendants.

---

APPEARANCES:

CARLSON NUNES
Plaintiff, pro se
16-A-1722
Clinton Correctional Facility
P.O. Box 2001
Dannemora, NY 12929

ELIZABETH C. COOMBE
United States District Judge

**DECISION and ORDER**

## I. INTRODUCTION

Plaintiff Carlson Nunnes commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application"). By Decision and Order entered on April 3, 2026, the Court granted plaintiff's IFP Application, reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), and dismissed the pleading without prejudice for failure to state a claim upon which relief may be

granted. Dkt. No. 7 ("April 2026 Order"). In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint. *Id*. at 16-18.

Presently before the Court is plaintiff's amended complaint. Dkt. No. 9 ("Am. Compl.").

## II. SUFFICIENCY OF THE COMPLAINT

### A. The Complaint and April 2026 Order

In his complaint, plaintiff asserted claims against several officials from Eastern Correctional Facility based on allegations that these officials tampered with his mail and denied him access to the courts. *See generally,* Compl.

The complaint was construed to assert the following claims against the following individuals: (1) First Amendment access-to-courts claims against Superintendent Lilley and various, unidentified “Doe” defendants; and (2) First Amendment mail tampering claims against Lilley and various, unidentified “Doe” defendants. April 2026 Order at 6.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 claims without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See* April 2026 Order at 6-15.

### B. Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the April 2026 Order and it will not be restated in this Decision and Order. *See* April 2026 Order at 2-4.

The amended complaint restates the First Amendment claims from the original pleading and attempts to remedy the deficiencies identified in the April 2026 Order.[1]

First, plaintiff explains the significance of his motion for reconsideration in his federal habeas action, and reasserts that the mailing of this motion was unlawfully delayed by unidentified officials in the Eastern Correctional Facility mail room. Am. Compl. at 2. Specifically, plaintiff alleges that his motion for reconsideration would have been successful because it

> raised new, non-frivolous arguments regarding ineffective assistance of appellate counsel, specifically the failure to raise meritorious arguments and provide appella[nt] with a complete copy of the purchased trial transcription, which formed the basis for seeking a successful Certificate of Appealability, as well as new meritorious claims of ineffective assistance of appellate counsel after finally receiving a 'full and complete copy' of trial transcripts.

*Id.* at 2. Therefore, plaintiff experienced "concrete harm," in the "[l]oss of the opportunity to pursue meritorious Habeas relief and C.O.A. on claims involving appellate counsels [sic] deficiencies with mishandling his trial transcripts, as well as loss of mental equilibrium where [plaintiff] contemplated suicide and had to see mental health staff for an evaluation[.]" *Id.* at 4; *see also id.* at 33 (detailing emotional damages suffered as the result of mail interference); *id.* at 39 (Second Circuit decision denying plaintiff's motion for reconsideration).

Second, plaintiff alleges that he had other experiences with the mailroom which demonstrate that the way this motion for reconsideration was handled constituted an intentional and deliberate delay. Am. Compl. at 4. Plaintiff reiterates that he provided his legal mail to the mail room on October 3, 2024, in anticipation of an October 8, 2024,

---

[1] Plaintiff attached both a memorandum and several exhibits in support of the amended pleading which the Court has also considered as part of its sufficiency review here. *See* Am. Compl. at 7-45.

deadline. *Id.* at 2-3. However, the mail was returned to plaintiff on October 8, 2024, allegedly for failing to properly complete the certified mail receipt, and, despite plaintiff giving the mail back to the facility the next day, the mailroom held on to said correspondence for six (6) additional days before sending it to the Second Circuit. *Id.* at 3; *see also id.* at 22-23 (filing grievance regarding consequences of the mail delay through Eastern's administrative channels); *Id.* at 25-26 (Superintendent and IGRC denials); *Id.* at 27-28 (plaintiff's appeal). Plaintiff alleges that "[t]he facility had ample of amount of time and opportunity to process and send the legal mail expeditiously but neglected to do so with disregard for its status as 'Legal Mail' and the known risk of missing court deadlines." *Id.* at 4. Plaintiff further alleges that "[m]ail tampering and excessive delays in outgoing and incoming Legal Mail have been an ongoing practice even before the crisis with the mailing in NYSDOCCS . . . with extreme amounts of prisoner complaints documenting similar interference designed to sabotage court access, and . . . prevent lawsuits[.]" *Id.*

Plaintiff also discusses a discrepancy with his experience with the mailroom in the days leading up to the alleged interference and tampering. Am. Compl. at 5. Specifically, plaintiff indicates that on September 30, 2024, he received a letter from The National Paralegal Center about legal assistance. *Id.* The envelope had a handwritten notation on it from Eastern's mailroom: "1st attempt[.]" *Id.; see also id.* at 45 (envelope). However, the envelope "lacked the mandatory Facility 'Received' legal mail stamp for that day." *Id.* Instead, the "'Official' facility legal mail stamp was not applied until October 1st, 2024, where it was then labeled a . . . "2nd attempt[.]'" *Id.* According to plaintiff, "a '1st Attempt' cannot logically occur on September 30th, if the facility claims – via its own stamp – not to have processed the . . . legal mail until October 1st, 2024." *Id.* at 5-6. Plaintiff concludes "[t]his

'Clear pattern' proves the [Paralegal Center's letter] was in [mailroom] staff possession and [the staff] 'attempted' [to deliver the letter] covertly without [the letter] being logged, bypassing the procedural safeguards required for legal mail[.]" *Id.* at 6. The timing of the mailroom officers' actions were concurrent with the interference alleged here, "happen[ing] three (3) days prior to plaintiff filing his October 3rd, 2024 [motion for reconsideration.]" *Id.* at 6.

Third, plaintiff addresses the identities of the officials creating the alleged wrongdoing. Am. Compl. at 5. Plaintiff explains that "[t]he responsible mail room officer(s) (currently 'John/Jane Doe' as names are not provided) and Supervisory officials knew or should have known of the obligations for legal mail but acted with 'deliberate indifference' or 'purposeful sabotage[.]'" *Id.* Plaintiff argues that "[j]ust because [he] cannot yet name the 'exact' officer(s), does not negate the Constitutional violation clearly here on display; Discovery can identify the exact responsible party, and the patterns support[] liability." *Id.*; *see also id.* at 11-12 (arguing that "Prison officials cannot hide behind [plaintiff's] inability to name exact actors initially[.]").

### C. Analysis

#### 1. First Amendment Access-to-Courts Claims Against Lilley and "Doe"

The legal standard governing First Amendment access-to-courts claims was discussed at length in the April 2026 Order and will not be restated here. *See* April 2026 Order at 9-11. Plaintiff's pleading remains deficient for several reasons.

First, plaintiff has failed to provide facts sufficient for the Court to infer that an injury has been pled. In the April 2026 Order, the Court instructed plaintiff that

> the complaint is devoid of allegations regarding (1) the nature of plaintiff's underlying claims that he attempted to bring before the Second Circuit other than a claim for ineffective assistance of appellate counsel, if any, (2) why plaintiff believes that the alleged

> failure by his appellate attorney to provide him with a full copy of his trial transcripts entitles him to habeas relief, despite the district court's ruling, or (3) why plaintiff's third motion for reconsideration had any potential to be successful despite the Dismissal Order. In other words, the complaint lacks allegations which plausibly suggest that the "arguable" nature of plaintiff's appeal was more than hope. Thus, the Court is unable to plausibly infer that plaintiff suffered an actual injury as a result of the alleged mail issue that he experienced.

April 2026 Order at 12. In response, plaintiff proffered a conclusory argument that he "raised new, non-frivolous arguments regarding ineffective assistance of counsel" centering on appellate counsel's "failure to raise meritorious arguments and provide [plaintiff] with a complete copy of the purchased trial transcription," which purportedly illustrated "new meritorious claims of ineffective assistance of appellate counsel[.]" Am. Compl. at 2. Plaintiff has completely failed to provide any specific factual allegations to address the deficiencies identified in the April 2026 Order about plaintiff's ineffective assistance of appellate counsel claims, why the failure to provide the transcript resulted in habeas relief, and why plaintiff's third motion for reconsideration would be successful when he previous ones resulted in a Dismissal Order.

Furthermore, while plaintiff is correct that "Doe" defendants can be named as such in the pleading and later identified, he is mistaken in assuming that he can uncover all that information through discovery. When the name of an individual defendant is unknown, it is not inappropriate to identify him or her in the pleading as a "Doe" defendant. However, the pleading must allege facts sufficient to plausibly suggest that each "Doe" defendant was personally involved in the alleged constitutional deprivations. *See Little v. Mun. Corp*., 51 F. Supp. 3d 473, 493-94 (S.D.N.Y. 2014) (dismissing without prejudice excessive force claim asserted against "members of the 'Special Search Team' and 'ESU Officers'" and noting that,

"[t]o the extent that [plaintiff] does not know the names of the members of the Special Search Team or ESU Officers involved, he may name 'John Doe' defendants and include as much identifying information as he has knowledge of, for the purpose of filing an amended complaint, should Little chose to do so"); *Williams v. 120 PCT Undercover*, No. 1:11-CV-4690, 2011 WL 13128209, at *1 (E.D.N.Y. Oct. 18, 2011) (dismissing complaint without prejudice where plaintiff's claims provided information about the alleged constitutional deprivations, but were brought against "the 120 Precinct and District 9, a police precinct and district of the New York City Police Department").

In addition, "[p]leadings that do not differentiate which defendant was involved in the unlawful conduct are insufficient to state a claim." *Li v. City of New York*, No. 1:15-CV-1599, 2017 WL 1208422, at *6 (E.D.N.Y. Mar. 31, 2017). In other words, a pleading must allege facts which plausibly suggest both who was involved in the alleged constitutional deprivations, and how they were involved. *See also Cipriani v. Buffardi*, No. 9:06-CV-889 (GTS/DRH), 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff." (citing *Gonzalez v. City of New York*, No. 1:97-CV-2246, 1998 WL 382055, at *2 (S.D.N.Y. July 9, 1998))).

Here, plaintiff has failed to allege any individual actions regarding the alleged constitutional violations and instead attributes all of the wrongdoing to every official in the Eastern mailroom and the facility superintendent.

As an initial matter, naming broad groups of individuals, without any explanation as to how plaintiff interacted with any one of them, is insufficient to put any official on notice as to how or when that person may have violated plaintiff's constitutional rights. *See, e.g., Wright*

*v. Orleans Cnty.*, No. 1:14-CV-0622, 2015 WL 5316410, at *13 (W.D.N.Y. Sept. 10, 2015) (noting in a Section 1983 case that "[g]roup pleading is insufficient for purposes of Rule 8(a)(2) [of the FRCP] which requires a short and plain statement of the claim showing that the pleader is entitled to relief" (citation and quotation marks omitted)); *Holmes v. Allstate Corp.*, No. 1:11-CV-1543, 2012 WL 627238, at *7, *22 (S.D.N.Y. Jan. 27, 2012) ("[FRCP] 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it."); *Traore v. Rikers Island C-95 & C-76*, No. 1:22-CV-1432, 2022 WL 1556946, at *4-5 (S.D.N.Y. May 16, 2022) ("Plaintiff names 'Rikers Island C95 and C76 medical staff and correctional officers.' The 'medical staff' is not considered a person under Section 1983. . . . Also, Rikers Island is not a 'person' within the meaning of Section 1983. . . . The Court therefore dismisses Plaintiff's claims against 'Rikers Island C95 and C76 medical staff for failure to state a claim on which relief may be granted.'"); *McCall v. Elmira Corr. Fac. Med. Staff*, No. 1:14-CV-0258, 2014 WL 1747218, at *2 (W.D.N.Y. Apr. 29, 2014) (dismissing claims against correctional facility "medical staff" and providing differing reasons for why "[t]he medical staff at Elmira [Correctional Facility] is not a proper defendant).

Similarly, "[i]t is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Thus, "a Section 1983 plaintiff must 'allege a tangible connection between the acts of the defendant and the injuries suffered.'" *Austin v. Pappas*, No. 7:04-CV-7263, 2008 WL 857528, at *2 (S.D.N.Y. Mar. 31, 2008) (quoting *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986)) (other citation omitted).

If a defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996). Instead, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676 and holding that "there is no special rule for supervisory liability").

Insofar as plaintiff names Eastern Correctional Facility Superintendent Lilley, the amended complaint is devoid of any allegations explaining how defendant Lilley became aware of any ongoing mailroom issues that were impairing his access to a court proceeding. Liberally construing plaintiff's allegations and attached documentation, it appears he may be trying to claim personal involvement because of the Superintendent Response he received, denying his grievance about his mail tampering. Am. Compl. at 26.

However, such assertions are insufficient to plead personal involvement. "Even assuming [defendant Lilley was] aware of the grievance or complaints, [his] 'mere knowledge' is insufficient to adequately plead a Section 1983 violation." *Brunache v. Annucci*, No. 1:22-CV-0196, 2023 WL 146850, at *15 (W.D.N.Y. Jan. 9, 2023). "In light of *Tangreti*, [p]laintiff's attempt to plead personal involvement based upon the denial of a grievance and/or appeals, lacks merit because it does not plausibly suggest '[t]he factors necessary to establish' a [constitutional] claim." *See Fabrizio v. Smith*, No. 9:20-CV-0011 (GTS/ML), 2021 WL 2211206, at *10 (N.D.N.Y. Mar. 10, 2021), *report and recommendation adopted*, 2021 WL 2211023 (N.D.N.Y. June 1, 2021); *see also Verdi v. Farah*, No. 9:22-CV-0825 (BKS/CFH),

2022 WL 4236401, at *7 (N.D.N.Y. Sept. 14, 2022) (holding that, even assuming the defendant "received and read [the] plaintiff's letters, and that *Tangreti* did not entirely eliminate supervisory liability under a failure-to-remedy theory, [the] defendant['s] alleged refusal to override the grievance process does not plausibly suggest" that he violated the plaintiff's constitutional rights). Simply put, the Court has no basis to plausibly infer from the allegations in the amended complaint that Superintendent Lilley was personally involved in violating plaintiff's federal rights.

Accordingly, and for the reasons set forth in the April 2026 Order, plaintiff's Section 1983 claims against Superintendent Lilley and the “Doe” defendants in the Eastern mailroom and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**2. First Amendment Mail Tampering Claims Against Lilley and “Doe”**

The legal standard governing First Amendment mail tampering claims was discussed at length in the April 2026 Order and will not be restated here. *See* April 2026 Order at 13-15.

Here, plaintiff has again failed to cure the deficiencies outlined in the April 2026 Order. While plaintiff attempted to outline other abnormalities with mailroom procedure, he failed to provide factual assertions about similar mail issues with his habeas action. Moreover, the abnormality plaintiff did identify did not constitute an outgoing legal mail processing delay.

Furthermore, for the same reasons articulated above, plaintiff has neglected to allege any facts which plausibly suggest who was involved in the constitutional deprivations and how they were involved. Instead, plaintiff relies on conclusory and generalized assertions that “Doe” mailroom officials are responsible and that Lilley was aware of practices that failed

to comply with policy, which cannot form the basis of a cognizable First Amendment claim. *See, e.g., Collins v. City Univ. of New York*, No. 1:21-CV-9544, 2023 WL 1818547, at *6 (S.D.N.Y. Feb. 8, 2023) ("[V]ague, conclusory allegations do not satisfy the personal involvement standard." (citing *Medina v. Kaplan*, No. 7:16-CV-7223, 2018 WL 797330, at *6 (S.D.N.Y. 2018))); *Lindsey v. Butler*, 43 F. Supp. 3d 317, 329 (S.D.N.Y. 2014) ("Conclusory accusations regarding a defendant's personal involvement in the alleged violation, standing alone, are not sufficient[.]" (citation and quotation marks omitted)); *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 498 (N.D.N.Y. 2009) ("negligence is not actionable under the First Amendment or any other provision of the Constitution") (punctuation omitted).

Accordingly, and for the reasons set forth in the April 2026 Order, plaintiff's Section 1983 claims against Superintendent Lilley and the "Doe" defendants in the Eastern mailroom and are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Section 1983 claims are **DISMISSED without prejudice** and without leave to renew in this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED** that the Clerk **TERMINATE** the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on the plaintiff.

**IT IS SO ORDERED**.

Dated: October 13, 2026

Elizabeth C. Coombe
U.S. District Judge